**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION and AMERICAN CIVIL LIBERTIES UNION FOUNDATION, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF STATE <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )  Civil Action No. 1:11-cv-01072 (CKK) |

## DEFENDANT'S ANSWER

Defendant Department of State, through undersigned counsel, hereby answers Plaintiffs'
Complaint for Injunctive Relief as follows:

The FOIA request that is the subject of this lawsuit may implicate certain information
that is protected from disclosure by one or more statutory exemptions.  Disclosure of such
information is not required.

In response to the numbered paragraphs of the Complaint, Defendant admits, denies, or
otherwise responds as follows:

1.      This paragraph sets forth Plaintiffs' characterization of this action, to which no
response is required.

2.      Defendant admits that Plaintiffs submitted a FOIA request to Defendant on April
12, 2011, seeking twenty-three documents identified in the request as Department of State
cables.  The remainder of this paragraph consists of Plaintiffs' characterization of that request, to
which no response is required.  To the extent a response is deemed required, Defendant
respectfully refers the Court to the request, which speaks for itself..

3.      Defendant admits that it has not produced documents in response to Plaintiffs' request.  The second sentence consists of Plaintiffs' characterization of this action, to which no response is required.

4-5.    These paragraphs consist of legal conclusions, to which no response is required. To the extent a response is deemed required, the paragraphs are denied.

6-7.    Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in these paragraphs.

8.      Admitted.

9-11.   The allegations contained in this paragraph consist of Plaintiffs' characterization of matters described in published news articles, and allegations made in those articles, to which no response is required.  To the extent a response is deemed required, Defendant respectfully refers the Court to those articles, which speak for themselves.

12-13. Admitted.

14.     Denied, except that Defendant neither confirms nor denies the authenticity of particular documents, including classified information, that may have been leaked.  Defendant avers that diplomatic cables reflect the internal day to day analysis and candid assessments that feed the governments' foreign relations deliberations.  Defendant further avers that diplomatic cables are often preliminary and incomplete expressions of foreign policy, and that they do not necessarily represent U.S. views or policy.

15.     Defendant denies the first sentence, except to admit that Plaintiffs submitted a FOIA request to Defendant on April 12, 2011, seeking twenty-three documents identified in the request as Department of State cables.  The second sentence consists of Plaintiffs' characterization of that request, to which no response is required.  To the extent a response is

deemed required, Defendant respectfully refers the Court to the request, which speaks for itself.
Defendant admits the third sentence.

16.     This paragraph consists of Plaintiffs' characterization of its request, and the
matters described therein, to which no response is required.  To the extent a response is deemed
required, Defendant respectfully refers the Court to the request, which speaks for itself..

17-19.  Defendant admits the factual allegations contained in these paragraphs.  To the
extent Plaintiff's citation to statutory and regulatory authority constitutes allegations that
Plaintiff's request satisfies the relevant legal criteria, those allegations are legal conclusions, to
which no response is required.  To the extent a response is deemed required, the allegations are
denied.

20.     Defendant admits that requested records have not been produced to Plaintiffs.
Defendant denies that it has not provided any basis for withholding responsive records and avers
that, by letter dated April 28, 2011, Defendant advised Plaintiffs that "[u]nusual circumstances
. . . may arise that would require additional time to process your request."

21-23.  Admitted.

24-27.  These paragraphs consist of legal conclusions, to which no response is required.
To the extent a response is deemed required, these paragraphs are denied.

The remainder of Plaintiffs' Complaint consists of a prayer for relief, to which no
response is required.  To the extent a response is deemed required, Defendant denies Plaintiffs
are entitled to the requested relief or to any relief whatsoever.  Any other allegation not expressly
responded to is hereby denied.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant asks this Court for a judgment dismissing the Complaint with prejudice and for such further relief as the Court may deem just.

Dated: July 14, 2011.

Respectfully submitted,

TONY WEST
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director
Federal Programs Branch

 _/s/ Scott Risner_
SCOTT RISNER (MI Bar No. P70762)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20001
Telephone: (202) 514-2395
Fax: (202) 616-8470
Email: scott.risner@usdoj.gov

Attorney for Defendant