**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION and AMERICAN CIVIL LIBERTIES UNION FOUNDATION,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DEPARTMENT OF STATE<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)　Civil Action No. 1:11-cv-01072 (CKK)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Pursuant to Local Civil Rule 7(h), and in support of its motion for summary judgment, Defendant hereby submits the following statement of material facts as to which Defendant contends there is no genuine issue:

1.  By letter dated April 12, 2011, Plaintiff American Civil Liberties Union ("ACLU") submitted a request to the Department of State ("the Department") seeking documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Pl.'s Compl. ¶ 15; Declaration of Sheryl L. Walter ("Walter Decl.") ¶ 4 & Ex. 1 at 1.

2.  The FOIA request seeks the production of 23 documents described as embassy cables. Walter Decl., Ex. 1 at 2-4. The request identifies the cables by date, unique Message Reference Number, originating embassy, and subject. *Id.*, Ex. 1.

3.  The State Department acknowledged receipt of the ACLU's request by letter dated April 28, 2011. *Id.* ¶ 5 & Ex. 2.

4.  Following receipt of the request, the State Department conducted a search for responsive documents in the agency's Central Foreign Policy Records system. *Id.* ¶ 8 & Ex. 5.

5.      The Department located 23 responsive documents, corresponding to the 23 records identified in the request.  *Id.*

6.      Plaintiffs do not challenge the adequacy of the Department's search for responsive documents.  *See* ECF 15 at 1.

7.      Each of the documents is a Department diplomatic telegram.  Walter Decl. ¶ 13.

8.      Telegrams, also referred to as cables, are official records of Department of State policies, program activities, post operations, and personnel management.  *Id.* ¶ 13.

9.      The cables requested in this case cover a range of sensitive subjects, including investigations of individuals suspected of acts of terrorism, the bilateral relations of the United States with numerous foreign nations, and U.S. military operations.  *See, e.g.*, *id.* ¶¶ 29, 43, 51.

10.     After reviewing the documents, the Department determined that certain information in the documents was exempt from disclosure under 5 U.S.C. § 552(b)(1), (b)(6), and (b)(7).  *Id.* ¶ 8 & Ex. 5 .

11.     In determining what information to withhold, the Department's declarant considered all relevant factors as to whether the information could be released, including the fact that, to the best of her knowledge, no authorized Executive Branch official has disclosed the withheld information into the public domain.  *Id.* ¶ 10.

12.     The Department produced portions of eleven documents and withheld the remaining twelve documents in their entirety.  *Id.* ¶¶ 8, 10.

13.     The Department withheld information in each document pursuant to Exemption 1, 5 U.S.C. § 552(b)(1) because the information is properly classified under Executive Order 13526, 75 Fed. Reg. 707 (Dec. 29, 2009).

14. As the attached declaration establishes, the information withheld under Exemption 1 has been personally reviewed by Sheryl L. Walter, the Director of the Department's Office of Information Programs and Services, who has determined that the information is owned by or was produced by the Government and that an original classification authority properly classified the information. Walter Decl. ¶¶ 14, 21.

15. The responsive records pertain to the following categories of information included in Executive Order 13526: military plans, weapon systems, or operations; foreign government information; intelligence activities, sources, or methods; and foreign relations or foreign activities of the United States. *See id.* ¶¶ 11-22; E.O. 13526, § 1.4(a), (b), (c), (d).

16. It is the judgment of the Department that the government's release of the withheld information could reasonably be expected to cause harm to the national security of the United States. Walter Decl. ¶¶ 11-22, 41-42, 46, 50, 54, 59, 64, 69, 74, 76. The attached declaration further explains the identifiable harm that may result from official disclosure in this case.

17. The Department withheld portions of three documents – documents E4, E11, and E24 – pursuant to Exemption 6, 5 U.S.C. § 552(b)(6).

18. The information withheld on this basis includes names and other identifying personal information, such as the physical health of an individual and the identities of officials participating in a sensitive meeting. Walter Decl. ¶¶ 24, 69, 74.

19. The agency weighed the privacy interest of the concerned individuals against the public interest in disclosure, and determined that the Government's official release of the information "would result in a clearly unwarranted invasion of personal privacy," and that such a disclosure "would not serve the 'core purpose' of the FOIA, *i.e.*, it would not show 'what the government is up to.'" *Id.* ¶ 27.

20. The Department also withheld portions of five documents – documents E1, E2, E4, E10, and E18 – pursuant to Exemption 7, 5 U.S.C. § 552(b)(7). *Id.* ¶¶ 28-33.

21. The information withheld on this basis was compiled for law enforcement purposes, and its release by the government could reasonably be expected to interfere with enforcement proceedings, constitute an unwarranted invasion of personal privacy, or disclose the identity of confidential sources who provided the information on a confidential basis. *Id.* ¶¶ 28-33, 42, 50, 64.

22. Further explanations of each of the Department's withholdings are set forth in the attached declaration.

23. The Department determined that no additional segregation of meaningful information in the withheld documents can be made without disclosing information warranting protection under the law. *Id.* ¶ 10.

24. All reasonably segregable, non-exempt portions of the documents have been provided to Plaintiffs. *Id.*

25. In providing the requester with the segregable, non-exempt portions of the 23 responsive records, the Department did not assess any fees for its search, duplication, or production. *Id.* ¶ 8.

Dated: December 22, 2011.   Respectfully submitted,

TONY WEST
Assistant Attorney General

ELIZABETH J. SHAPIRO
Assistant Branch Director,
Federal Programs Branch

*/s/ Scott Risner*
SCOTT RISNER (MI Bar No. P70762)
Trial Attorney

                          United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 514-2395
Fax: (202) 616-8470
Email: scott.risner@usdoj.gov

Attorney for Defendant