## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

AMERICAN CIVIL LIBERTIES UNION and
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION,

                Plaintiffs,

     v.

DEPARTMENT OF STATE,

                Defendant.

No. 1:11-CV-01072 (CKK)

### PLAINTIFFS' STATEMENT OF DISPUTED MATERIAL FACTS
### AS TO WHICH THERE IS A GENUINE ISSUE
### AND ADDITIONAL MATERIAL FACTS NOT IN DISPUTE

Pursuant to Local Civil Rule 7(h), Plaintiffs submit the following statement of disputed and undisputed material facts in opposition to Defendant Department of State's ("State Department" or "DOS") motion for summary judgment and in support of Plaintiffs' cross-motion for summary judgment. The following statement identifies facts contained in Defendant's Statement of Material Facts Not in Dispute ("Defendant's Statement"), ECF No. 17-1, as to which Plaintiffs contend there "exists a genuine issue necessary to be litigated." Local Civ. R. 7(h)(1). The following statement also identifies additional material facts as to which Plaintiffs contend there is no genuine issue.

1.      Plaintiffs agree that there is no genuine issue as to the facts set forth in paragraphs 1–10, 12, 15, 17–18, 20, 22, and 25 of Defendant's Statement.

2.      Plaintiffs contend that there exist genuine issues of material fact as to the matters set forth in paragraphs 11, 13–14, 16, 19, 21, and 23–24 of Defendant's Statement, as explained below.

3.      Paragraph 11 of Defendant's Statement asserts that "the Department's declarant considered all relevant factors as to whether the information could be released." Def.'s Statement ¶ 11. Plaintiffs dispute this conclusion because Defendant's declarant ignored the fact that the requested records are already in the public domain and State Department officials have confirmed the authenticity of those public records. *See* Decl. of Nathan Freed Wessler ("Wessler Decl.") ¶¶ 4–11 & Exs. T–AS.

4.      Paragraph 13 of Defendant's Statement asserts that the withheld information is properly classified pursuant to Executive Order 13,526. Def.'s Statement ¶ 13. Plaintiffs dispute this conclusion on the grounds that the State Department failed accurately to determine "that the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security," as required by the Executive Order. Exec. Order No. 13,526, § 1.1(a)(4), 75 Fed. Reg. 707 (Dec. 29, 2009). Because release of the requested records would *not* result in damage to the national security, the information is not properly classified and cannot be withheld pursuant to Exemption 1, 5 U.S.C. § 552(b)(1).

5.      Plaintiffs dispute the assertion in Paragraph 14 of Defendant's Statement that an original classification authority "properly classified" the information. Def.'s Statement ¶ 14. Whether or not the information was properly classified at one time, it is no longer properly classified because the information has been publicly released and the authenticity of the released information has been confirmed by the State Department. *See* Wessler Decl. ¶¶ 8–11. Therefore, its release by the government will cause no new damage to the national security, *see* Exec. Order No. 13,526, § 1.1(a)(4), and continued classification is improper.

6.      Paragraph 16 of Defendant's Statement asserts that Defendant's declaration "explains the identifiable harm that may result from official disclosure" of the requested records.

Def.'s Statement ¶ 16.  Plaintiffs dispute this claim because Defendant's declaration fails to account for the fact that the requested records are already publicly released and the government has acknowledged that the public records are authentic.  *See* Wessler Decl. ¶¶ 8–11.  Defendant's declaration does not address whether harm would result in light of these acknowledged public disclosures.

7.      Plaintiffs do not dispute that Defendant's declaration addresses the factors identified in Paragraph 19 of Defendant's Statement, *see* Def.'s Statement ¶ 19, but Plaintiffs assert that there is a genuine issue as to the accuracy of Defendant's conclusions.

8.      Paragraph 21 of Defendant's Statement claims that release of information withheld pursuant to Exemption 7 "could reasonably be expected to interfere with enforcement proceedings, constitute an unwarranted invasion of personal privacy, or disclose the identity of confidential sources."  Def.'s Statement ¶ 21.  Plaintiffs disagree with this conclusion on the basis that the requested records have already been released to the public in full, and therefore will not disclose any new information that could interfere with enforcement proceedings, invade privacy, or disclose the identity of a confidential source.  *See* Wessler Decl. ¶ 8.

9.      Plaintiffs do not contest that the State Department made the determination described in Paragraph 23 of Defendant's Statement, *see* Def.'s Statement ¶ 23, but Plaintiffs contend that there is a genuine issue as to whether this determination was correct in light of Plaintiffs' position that the requested records are not properly withheld pursuant to any exemption due to their acknowledged prior public release.  *See* Wessler Decl. ¶ 8.

10.      Paragraph 24 of Defendant's Statement claims that all reasonably segregable, non-exempt portions of the requested records have been released.  Def.'s Statement ¶ 24.

Plaintiffs dispute this conclusion because the documents should be released in full for the reasons set forth in Plaintiffs' accompanying memorandum of law.

11.     Plaintiffs identify the following material facts as to which Plaintiffs contend there is no genuine issue:

12.     During 2010 and 2011, an organization called Wikileaks published on the internet and provided to several major newspapers more than 250,000 State Department embassy cables. *See* Wessler Decl. ¶¶ 4–6.

13.     Among the cables published by Wikileaks were the 23 cables requested by Plaintiffs.  *See id.* ¶ 8 & Exs. T–AS.

14.     The cables requested by Plaintiffs continue to be publicly available on the Wikileaks website, as well as elsewhere.  *See id.* ¶ 9.

15.     State Department officials, including Secretary of State Hillary Rodham Clinton, have repeatedly confirmed the authenticity of the cables published by Wikileaks in official and documented statements.  *See id.* ¶ 10.

16.     Defendant's declaration in support of its motion for summary judgment in this case confirms that the 23 cables requested by Plaintiffs are authentic State Department documents.  *See id.* ¶ 11; Decl. of Sheryl L. Walter ¶¶ 8, 35–76, ECF No. 17-2.

Dated:  January 23, 2012.                    Respectfully submitted,

Arthur B. Spitzer (D.C. Bar No. 235960)
American Civil Liberties Union
  of the Nation's Capital
4301 Connecticut Avenue, NW, Suite 434
Washington, DC 20008
Tel: (202) 457-0800
Fax: (202) 452-1868
artspitzer@gmail.com

/s/ Ben Wizner

Ben Wizner
Nathan Freed Wessler
American Civil Liberties Union
  Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500
Fax: (212) 549-2654
bwizner@aclu.org
nwessler@aclu.org

January 23, 2012

*Counsel for Plaintiffs*